## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| **AARON LEE CONNER** | **CIVIL ACTION NO. 20-0803** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **SHERIFF DEPARTMENT EAST CARROLL, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Plaintiff Aaron Lee Conner, a prisoner at River Bend Detention Center proceeding pro se and in forma pauperis, filed this proceeding on approximately June 23, 2020, under 42 U.S.C. § 1983.  He names the following defendants: East Carroll Sheriff's Department, Officer Brown, Officer Wan, and Officer Speedy.[1]

For reasons that follow, the Court should retain Plaintiff's excessive force claims against Defendants Brown, Wan, and Speedy.  The Court should dismiss Plaintiff's remaining claims and his request for a transfer.

### Background

Plaintiff alleges that, on March 17, 2020, Officer Brown escorted him to retrieve his legal mail from an office in front of Captain Russell's office.  [doc. # 8, p. 3].  Captain Russell's door was open, so Plaintiff spoke to him.  *Id.*  Officer Brown told Plaintiff, "Quit talking to Captain Russell he don't want to hear it. [sic]."  *Id.*  Plaintiff responded, "this is my business."  *Id.* Speaking "real close" to Plaintiff's face, Brown instructed him to "go in the Bullpen . . . ."  *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff refused, stating, "why so you can beat me up." *Id.* The Bullpen lacks cameras and witnesses. *Id.* Brown "grabbed [him] with 2 hands and drug" him to a segregation cell. *Id.*

Plaintiff claims that, in the segregation cell, Officers Brown, Wan, and Speedy punched him multiple times in his face, head, rib, and solar plexus for no reason. [doc. #s 1, p. 3; 8, pp. 2-3]. The officers punched the "air out of [him]" and bruised his "temple area" and "internal right lung . . . ." [doc. # 8, p. 2]. He "hurt anytime [he] breathe or moved. [sic]." *Id.* He suffers from psychological harm as well. *Id.* at 3-4.

Plaintiff does not know why defendants beat him. *Id.* at 4. "They had no right or justifiable reason." *Id.* He did not pose a threat. *Id.*

Plaintiff alleges that, after presenting his injuries to a nurse, the nurse told him to leave her office, stating, "ain't nothin wrong wit you . . . [sic]." *Id.* at 2.

The next day, Plaintiff received two "write ups: 1 for agg defiance [and] 1 for agg. disobedience. [sic]." *Id.* He was placed in disciplinary segregation for forty days. *Id.* He alleges that he received the "write ups" because he "talked to Captain Russell and told him what happened." *Id.* He also mentions that he received the "write ups" after he filed a grievance. *Id.*

Plaintiff seeks a transfer to another facility, $130,000.00 for his pain and suffering, and a "lifetime disability check." [doc. #s 1, p. 4; 8, p. 4].

<u>**Law and Analysis**</u>

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis*,* his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. East Carroll Sheriff's Department**

Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ."  Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership."  LA. CIV. CODE art. 24.

East Carroll Sheriff's Department does not qualify as a juridical person.  See *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . .").  Accordingly, the Court should dismiss Plaintiff's claims against this entity.

**3. Conclusory Allegations**

Plaintiff alleges that, after presenting his injuries to a nurse, the nurse told him to leave her office, stating, "ain't nothin wrong wit you . . . [sic]."  [doc. # 8, p. 2].  To the extent Plaintiff seeks to raise a claim, he neither names the unidentified nurse as a defendant nor seeks relief for denied medical care.

Plaintiff also alleges that he was charged with disciplinary infractions and placed in disciplinary segregation only after he spoke to Captain Russell and filed a grievance.  [doc. # 8, pp. 2-3].  However, he does not identify a responsible defendant.  Further, while Plaintiff hints that Officer Brown charged him with the infractions, Plaintiff does not seem to raise a retaliation claim; rather, he appears to present these allegations in response to the undersigned's instruction to identify any disciplinary infractions or violations arising out of the alleged excessive force. [See doc. # 7, p. 2].

To the extent Plaintiff is attempting to raise claims, the Court should dismiss them.

### 4. Transfer

Plaintiff asks the Court to transfer him to another facility.  [doc. # 8, p. 4].  A prisoner, however, has no constitutional right to be housed in any particular facility or transferred from one facility to another, even if conditions and amenities in one may be preferable to another. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Fuselier v. Mancuso*, 354 F. App'x 49, 2009 WL 3780729, at *1 (5th Cir. Nov. 12, 2009).  "The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[T]he State may confine [a prisoner] and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution.").

Moreover, in Louisiana, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department.  The secretary of the department may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the department."  LA. REV. STAT. §15:824(A).

Here, as Plaintiff has no federal constitutional right to be transferred to, or confined in, a place of his choosing, and because Plaintiff's placement lies solely in the purview of the Department of Public Safety and Corrections, the Court should deny his request for a transfer.

### <u>Recommendation</u>

For the foregoing reasons, **IT IS RECOMMENDED** that, with the exception of Plaintiff Aaron Lee Conner's excessive force claims against Defendants Brown, Wan, and Speedy, Plaintiff's claims, as well as his request for a transfer, be **DISMISSED** as frivolous and for

failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 13th day of August, 2020.

Karen L. Hayes
United States Magistrate Judge