UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

AARON LEE CONNER                                          CIVIL ACTION NO. 20-0803

                                                         SECTION P

VS.

                                                         JUDGE TERRY A. DOUGHTY

SHERIFF DEPARTMENT EAST                                  MAG. JUDGE KAREN L. HAYES
CARROLL, ET AL.

REPORT AND RECOMMENDATION

Plaintiff Aaron Lee Conner, a prisoner at River Bend Detention Center proceeding pro se

and in forma pauperis, filed this proceeding on approximately June 23, 2020, under 42 U.S.C. §

1983.[1]  For the following reasons, the Court should dismiss Plaintiff's remaining claims.

Background

On August 13, 2020, the undersigned ordered Plaintiff to, within thirty days, provide two

completed summonses and one completed USM-285 form for each defendant to the Clerk of

Court.  [doc. # 10, p. 3].  On October 15, 2020, after cautioning Plaintiff that his failure to heed

the August 13, 2020 Order was grounds for dismissal, the undersigned advised Plaintiff that,

after October 29, 2020, in the absence of good cause shown, the Court intended to dismiss the

defendants for whom Plaintiff failed to complete and return the required service documents.

[doc. # 14].

To date, Plaintiff has not returned any service documents or otherwise attempted to

comply with the Court's Order.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under
28 U.S.C. § 636 and the standing orders of the Court.

## Law and Analysis

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order.  FED. R. CIV. P. 41(b).  A court possesses the inherent authority to dismiss the action *sua sponte* on this basis.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.*

Here, Plaintiff has failed to comply with the Court's Order, and he has not attempted to show good cause for his failure.

## Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff Aaron Lee Conner's remaining claims be **DISMISSED WITHOUT PREJUDICE**.

Under 28 U.S.C. §636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, at Monroe, Louisiana, this 19th day of November, 2020.

Karen L. Hayes
United States Magistrate Judge